UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERTHA M FONTENOT, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3503 |
| | § | |
| CITY OF HOUSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING THE CITY OF HOUSTON AND JANE DOE'S
MOTION FOR JUDGMENT ON THE PLEADINGS AND
LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO
RULE OF CIV. PROC. 12(C) AND FED. R. CIV. PROC. 12(B)(1), RESPECTIVELY**

**I.   INTRODUCTION**

Before the Court is the defendants', the City of Houston and Jane Doe 1 ("City"), motion to dismiss [Dkt. No. 62] pursuant to Federal Rules of Civil Procedure, 12(c) and 12(b)(1). The plaintiffs, Bertha M. Fontenot and others similarly situated, have responded to the City's motion to dismiss [Dkt. No. 100], and the City has, in turn, filed a reply to the plaintiffs' response [Dkt. No. 103]. The Court has completed its review of the motion, response reply, and supporting documents and legal arguments and determines that the City's motion should be denied in all respects.

**II.   FACTUAL BACKGROUND**

The plaintiffs were convicted of violating § 521.025 of the Texas Transportation Code, which requires an operator of a motor vehicle to possess the class of driver's license appropriate for the vehicle being operated. The Texas Driver Responsibility Program ("DRP") permits the imposition of a surcharge for certain traffic violations. *See* Tex. Transp. Code § 521.021.

However, Section 521.025 is not listed as one of the violations for which a surcharge may be imposed. Nevertheless, when the plaintiffs, and allegedly tens of thousands of others, were convicted of Section 521.025 violations, the City reported the convictions to the Texas Department of Public Safety ("DPS") as though they were violations of § 521.021. As a result, the plaintiffs were assessed a surcharge by the state of Texas pursuant to the DRP.

According to the City, its reports to the DPS were transmitted automatically by way of a computer program. The City contracted with a private vendor, Maximus (also a defendant), to "design, configure, implement, and support the Municipal Courts Integrated Case Management System ("ICMS"). ICMS was a new management system, nearly paperless, that replaced the City's old system. One of the functions of ICMS was to transmit data concerning traffic violations to the DPS. The City admits that it erroneously reported § 521.025 to the DPS as § 521.021 offenses resulting in the DPS assessing each reported offender a surcharge of up to $300. The City contends, however, that the reporting was erroneous or due to negligence, as it had no knowledge of the reporting error until the plaintiffs filed their suit. The City also asserts that it has replaced the ICMS system for reason other than those alleged in the plaintiffs' suit.

**III. CONTENTIONS OF THE PARTIES**

*A. The City and Jane Doe's Contentions*

The City seeks a judgment on the plaintiffs' pleadings on the basis that the plaintiffs' suit fails, as a matter of law, because it does not state a claim for which relief may be granted and it fails to establish that the plaintiffs have standing to sue. The City points out that the plaintiffs bring this suit, under 42 U.S.C. § 1983, for violation of federal Constitutional rights, and that employees and/or agents of the City and state of Texas engaged in *ultra vires* acts for which the

plaintiffs seek declaratory relief. Neither of these claims should be permitted to proceed, argues the City.

The City further asserts that the plaintiffs Section 1983 suit fails because the plaintiffs have not: (a) pled facts identifying a policy maker; (b) identified a policy or pled that the City was consciously indifferent to its erroneous reporting; (c) or cannot establish that the City's alleged misconduct was more than a "mere tort"; and (d) cannot establish that the alleged policy was the "moving force" behind the alleged constitutional violations.

### B. *The Plaintiffs' Contentions*

The plaintiffs challenge each of the City's contentions that a "heightened pleading" standard applies to their § 1983 claims. Instead, asserts the plaintiffs, the Supreme Court has spoken to the Fifth Circuit's circumvention of the dictates of FRCP, Rule 8. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1983). Under Rule 8 a statement of pleading merely needs to give fair notice of what the claim is and the ground upon which it rests. Relying upon *Bell Atlantic Corp. v. Twombly*, the plaintiffs argue that more specific facts or details on which their claims rest should be left to discovery. *See* 550 U.S. at 544, 445 (2009).

In response to the City's contention that the plaintiffs have failed to identify the policymaker responsible for the implementation of the ICMS system, the plaintiffs answer that the particular knowledge of whom the policymaker is, resides in the specific knowledge of the City. Therefore, the identity of that person should be left to discovery, contend the plaintiffs.

Regarding the City's argument that the plaintiffs have failed to plead facts showing "deliberate indifference," a required element of a § 1983 claim, the plaintiffs respond that where the official policy itself is unconstitutional, a showing of deliberate indifference is unnecessary.

In this regard, the plaintiffs rely upon reasoning from *City of Newport v. Fact Concerts,* 453 U.S. 247 (1981), and *Shepherd v. Dallas County*, 591 F.3d 445 (5th Cir. 2009), to argue that the City's official policy is the ICMS system, and that system is unconstitutional. Similarly, the plaintiffs' response to the City's allegation that their pleadings fail to allege facts supporting causation, the plaintiffs suggest that the City does not understand the basis for their alleged injuries. The plaintiffs argue that their injuries do not arise from misreporting of their convictions; rather, their injuries, and potential for future injuries, are a result of the City's official policy that reports 521.025 violations as 521.021 violations. This conduct is "deliberate indifference" in light of the plain language of the statutes. *See* Tex. Transp. Code §§ 521.021, 521.025 and 521.461 [Chapter 521 imposes more severe penalties (including jail time) for successive convictions for failure to display a driver's license]. The plaintiffs assert, it is the policy that is the moving force behind the City's unconstitutional conduct.

The plaintiffs also assert that they have standing and have sufficiently stated *ultra vires* claims for which equitable relief against the Doe defendant is appropriate. Against Doe, the plaintiffs seek injunctive and declaratory relief, as opposed to the imposition of damages for past conduct. To the City's argument that granting equitable relief "cannot help" the plaintiffs because the state of Texas is the proper party to effect any change, the plaintiffs counter that the City's records are also inaccurate, and reflect a more serious conviction than the offense charged. Therefore, they argue, an order compelling Doe to correct conviction information reported to the state of Texas will address a "continuing present adverse effect" on the plaintiffs and others.

## IV. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 n. 8 (5th Cir. 2002)). Under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe*, 528 F.3d at 418 (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted)). To this end, the factual allegations contained in the plaintiff's complaint are to be taken as true. *Doe*, 528 F.3d at 418; *see also Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964).

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

V. **ANALYSIS AND DISCUSSION**

The City argues that the plaintiffs lack standing to bring a suit against the Doe defendant and the City in light of the fact that: (a) the City has corrected its ICMS system and no longer reports § 521.025 convictions in a manner that subjects persons to the penalties for a § 521.021 conviction; and (b) the state of Texas is the proper party with authority to effect the demanded change in the plaintiffs' records.

To show standing for injunctive relief against the City, the plaintiffs must establish that they have sustained or are immediately in danger of sustaining some direct injury as a result of the enforcement of § 521.025, and that the threat is real and immediate, not conjectural or hypothetical. *See Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *James v. City of Dallas, Tex.*, 254 F.3d 551, 562 (5th Cir. 2001). In this regard, the facts in this case are undisputed. Not only do the plaintiffs' pleadings establish a personal stake in the case, they establish unconstitutional conduct on the part of the City, due to the application of its "official policy" – a policy that subjected the plaintiffs to penalties beyond those called for by the applicable statutes. Moreover,

the fact that the plaintiffs' conviction records remain in an erroneous state, subjects the plaintiffs to more severe penalties, including jail confinement, for any future convictions. *See* Tex. Trans. Code §§ 521.021, 521.025 and 521.461. Hence, some affirmative action(s) beyond merely redesigning its ICMS is required on the part of the City. While the City cannot "unring the bell" in its reporting functions, it can transmit corrective data to the state of Texas concerning § 521.025 traffic violations. These facts have been properly pled by the plaintiffs and satisfy the pleading requirements of *Twombly*, 550 U.S. at 555 and *Doe*, at 528 F.3d at 418. Moreover, the plaintiffs' pleadings satisfy FRCP 8(a)(2). Hence, the City's FRCP 12(c) motion for judgment on the pleadings should be denied.

Likewise, the City's FRCP 12(b)(1) motion for dismissal for lack of subject matter jurisdiction should be denied. Lack of subject matter jurisdiction is a defense, but without more, does not form a basis for dismissal of a suit or claim. The Court understands the City's defense to be directed at the plaintiffs *ultra vires* claim against Doe. In this regard, the City argues that the plaintiffs are unable to state an *ultra vires* claim for equitable relief against Doe because the claims are barred by immunity -- the acts of Doe were random and there is a state provided remedy available to the plaintiffs.

The City's defense is unavailing as a basis for dismissal of the plaintiffs' suit. The plaintiffs' second amended petition makes it clear that injunctive and declaratory relief are sought, not damages due to past conduct. As well, the plaintiffs are not seeking relief under a state law claim for random conduct, but instead for violation of the "due process" clause of the Fourteenth Amended to the federal Constitution. *See Lyons*, 361 U.S. at 102; *see also James*, 254 F.3d 562.

The City also argues that the conduct that the plaintiffs complain about are acts in the past; hence, future injunctive relief is unwarranted.  This argument, too, fails.  The City does not dispute that the violation that it reported to the state of Texas is a more serious violation than that for which the plaintiff was actually convicted.  Therefore, the fact that the false convictions report a more serious offense than the plaintiffs pled guilty to constitute a continuing and present adverse effect on the plaintiffs' driving record.  *See James* at 562.  Hence, the alleged unconstitutional conduct persists and continues.  Therefore, the defendant Doe's argument, that the plaintiffs' suit should be dismissed for lack of standing, should be denied.

It is so Ordered.

SIGNED on this 9th day of January, 2014.

_____
Kenneth M. Hoyt
United States District Judge